UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:02-CR-141 |
| | ) | (VARLAN/SHIRLEY) |
| VICTOR HINES, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This criminal case is before the Court on defendant's Motion for Resentencing Pursuant to the Retroactive Amendment to the Sentencing Guidelines [Doc. 44], in which the defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2) which permits the Court to reduce a defendant's sentence if the sentencing range has been lowered since defendant was initially sentenced. The Government has responded in opposition to defendant's request for a reduction of sentence [Doc. 45]. Thus, defendant's motions are now ripe for determination.

I.  **Legal Background**

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Modification is permitted by 18 U.S.C. § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Through Amendment 706 to the Sentencing Guidelines, effective November 1, 2007, the Sentencing Commission lowered the sentencing ranges for most cocaine base offenses by two offense levels in an effort to correct the disparity in sentences between defendants punished for cocaine base offenses and defendants punished for other drug offenses. *See* U.S.S.G. § 2D1.1. On December 11, 2007, the Commission made the amended guideline range retroactive, effective March 3, 2008. *See* U.S.S.G. § 1B1.10. Accordingly, the Court has discretion under 18 U.S.C. § 3582(c)(2) to reduce a defendant's sentence for a cocaine base offense, after considering the § 3553 factors, if the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission has issued a general policy statement regarding reduction of sentences as a result of the amendments to certain guideline ranges, including the ranges for most cocaine base offenses. U.S.S.G. § 1B1.10. The policy statement partially limits the Court's discretion in reducing a defendant's sentence:

> (A) In General.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.
>
> (B) Exception.--If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined

pursuant to 18 U.S.C. 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

(C) Prohibition.--In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

U.S.S.G. § 1B1.10 (b)(2). In addition to these limits, the Sentencing Commission states that a court must consider the § 3553 factors and the danger to the public created by any reduction in defendant's sentence, and a court may consider defendant's post-sentencing conduct. *Id.* at cmt.. n.1(B).

## II. Analysis

Defendant pled guilty to and was convicted of possession with intent to distribute in excess of five (5) grams of cocaine base (crack cocaine), in violation of 21 U.S.C. § 841(a)(1), and punishable pursuant to § 841(b)(1)(B). The parties entered into a Federal Rule of Criminal Procedure 11(c)(1)(C)[1] plea agreement agreeing that:

> . . . the defendant's sentencing range is established as 84 to 105 months (Criminal History Category IV, Base Offense Level 28, reduced three levels to 25 for acceptance of responsibility). The parties have agreed to this guideline range in order to assist this Court's determination of the defendant's extensive and complicated juvenile criminal record.

[Doc. 30 at ¶ 5.] According to the probation office's Presentence Investigation Report, absent the agreement, defendant's base offense level of 30 due to the drug amounts stipulated to in the factual basis rather than the agreed upon level of 28. The probation officer also

---

[1]The plea agreement states that the parties agree to a sentencing range pursuant to Rule 11(e)(1)(C). The Court notes that the former Rule 11(e)(1)(C) is now Rule 11(c)(1)(C) and it will refer to any plea agreements under both Rule 11(e)(1)(C) and Rule 11(c)(1)(C) as Rule 11(c)(1)(C) agreements.

noted that defendant's offense level would have been increased two levels for possession of a dangerous weapon and defendant's criminal history category would have been V but for the plea agreement. At the sentencing hearing, the Court accepted the parties' Rule 11(c)(1)(C) plea agreement and therefore was bound by the parties' agreed guideline range of 84 to 105 months. The Court imposed a sentence of 84 months, the bottom of the stipulated range.

Due to the parties' agreement as to the sentencing range, the Court does not have the authority to modify defendant's sentence purusant to 18 U.S.C. § 3582. In *United States v. Peveler*, the Sixth Circuit held that a district court cannot modify a defendant's sentence pursuant to 18 U.S.C. § 3582 when the defendant entered into a Rule 11(c)(1)(C) plea agreement even though the defendant's sentencing range would have been lowered pursuant to a retroactive amendment to the sentencing guidelines had the parties not agreed to the sentencing range. 359 F.3d 369 (6th Cir. 2004). The *Peveler* court was guided by *United States v. Trujeque* in which the Tenth Circuit found that it did not have jurisdiction to modify a defendant's sentence pursuant to a Rule 11(c)(1)(C) plea agreement because the defendant's sentence was not calculated under the guidelines and therefore, the retroactive amendment had no effect on defendant's sentence. *Id.* at 378 (citing *United States v. Trujeque*, 100 F.3d 869, 871 (10th Cir. 1996)). Like the defendants in *Peveler* and *Trujeque*, because the defendant in this case was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement, Amendment 706 does not lower his sentencing range and the Court does not have the authority to reduce his sentence pursuant to 18 U.S.C. § 3582.

## III. Conclusion

For the reasons stated herein, defendant's Motion for Resentencing Pursuant to the Retroactive Amendment to the Sentencing Guidelines [Doc. 44] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE